# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45746

| | | |
|---|---|---|
| In the Interest of: DOE CHILDREN, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: June 26, 2018 |
| Petitioner-Respondent, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2018-7), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynne Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

The Law Office of Joshua B. Taylor, PLLC; Joshua B. Taylor, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Caldwell, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. Doe argues the magistrate erred when it terminated her parental rights. Because substantial and competent evidence supports the magistrate's findings that Doe neglected her children and termination was in the children's best interests, we affirm the magistrate's judgment terminating Doe's parental rights.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of A.G., J.G., and M.G.[1]  On May 22, 2016, an officer responded to a "found child" call and visited Doe's residence.  Due to the condition of the residence and the lack of parental supervision, the officer declared the children in imminent danger and removed the children from the home.  At the shelter care hearing on May 24, 2016, the magistrate ordered the children placed into temporary shelter care pending an adjudicatory hearing.  The magistrate held an adjudicatory hearing on June 20, 2016, where the magistrate ordered the children placed into the custody of the Idaho Department of Health and Welfare (Department).  Doe was motivated and cooperative for the next several months, resulting in increased visitation time.  The Department eventually asked the court to allow an extended home visit, which the magistrate approved.  However, at the end of September 2016, an officer responded to Doe's residence after another "found child" call.  Due to Doe's behavior and the condition of the residence, the officer declared the children in imminent danger and the Department case manager terminated the extended home visit.  The children were taken back into custody of the Department.

The Department filed a verified petition for termination of the parent-child relationship on June 22, 2017.  On January 18, 2018, the magistrate issued an order terminating the parental rights of Doe.  In its decision, the magistrate entered the following conclusions:  (1) Doe neglected her children, A.G., J.G., and M.G., as defined by Idaho Code § 16-2002(3)(b); and (2) it was in the best interests of A.G., J.G., and M.G. that the parental rights of Doe be terminated.  On February 12, 2018, the magistrate entered its final judgment to terminate the parental rights of Doe.

# II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible,

---

[1]     Jane Doe is also the mother to C.L., who is not at issue in this case.

family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

# III.

# ANALYSIS

Doe argues the magistrate's decision to terminate her parental rights should be reversed. First, Doe claims the magistrate and the Department failed to acknowledge how Doe's disabilities--which included ADHD, anxiety, and depression--made it impossible to complete a case plan. Second, Doe asserts the magistrate failed to treat Doe's participation in a period of retained jurisdiction as an intensive inpatient treatment program, rather than as a period of incarceration. Finally, Doe explains she partially complied with the case plan for a period of time which, she argues, should weigh in her favor.

Idaho Code § 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Idaho Code § 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate did not err when it found Doe had neglected her children and, as a result, it was in the best interests of the children to terminate Doe's parental rights. The magistrate explained the children were in the State's custody for more than eighteen months. The magistrate recognized that even when the children returned home briefly for an extended visit, the children remained in the legal custody of the Department.

The magistrate also explained Doe failed to comply with the court orders or case plan. The magistrate stated that Doe failed to maintain a suitable home for six months. The magistrate explained how Doe did not complete a parenting class and failed to demonstrate an ability to meet her needs or her children's needs through employment or community resources. Furthermore, the magistrate found that Doe did not complete drug treatment or comply with the probation terms and drug testing. Although Doe showed motivation and progress between May and September of 2016, the magistrate explained that Doe made no progress on the case plan

since the termination of the extended home visit in September 2016. Thus, since Doe failed to comply with the case plan and the Department had temporary or legal custody of her children for more than fifteen of the twenty-two months prior to the State's termination petition, substantial evidence supports the magistrate's finding of neglect.

Furthermore, the magistrate determined Doe's mental health issues did not make it impossible for her to comply with the case plan. On this issue, Doe argues the magistrate failed to consider Doe's mental health issues when it terminated Doe's parental rights. We disagree. Contrary to Doe's arguments on appeal, the plain language within the magistrate's conclusions of law indicates that the magistrate considered Doe's mental health before terminating Doe's parental rights. The magistrate analyzed the mental health of Doe and expressed concern that the Department made no referral for a mental health assessment. The magistrate acknowledged that mental health issues affected Doe's ability to parent, but found it was difficult to separate mental health impairment from any adverse effects of substance abuse. Nonetheless, even after considering Doe's mental health, the magistrate found it was not impossible for Doe to comply with the case plan. The magistrate cited the several months in which Doe attended a parenting class, engaged in treatment, abstained from drug use, and complied with drug testing as evidence that compliance with the case plan was not impossible in spite of any mental health issues. Thus, the magistrate considered Doe's mental health before determining the case plan was possible and any failure to comply was a result of Doe's own conduct.

Doe also asks this Court to find that the Department ignored Doe's mental health issues and abandoned efforts to reunify Doe with her children. However, as we have previously held, an allegation of lack of reasonable efforts by the Department is not an appropriate issue for a termination trial and must instead be raised during the child protection proceedings. *See In re Doe*, 156 Idaho 682, 688 n.3, 330 P.3d 1040, 1046 n.3 (2014).

Doe asks this Court to look beyond incarceration and consider the rider program as an intensive inpatient treatment program. We are not persuaded by this argument on appeal. Doe provided no evidence to the magistrate that a retained jurisdiction program is the equivalent of an intensive inpatient treatment program. At most, we are directed to the hearing in which Doe equated her rider program to an intensive inpatient program. During the hearing, Doe testified about the treatment she received during the retained jurisdiction, but there was no testimony comparing the goals, methodology, or treatment regimens of a retained jurisdiction program and

a substance abuse inpatient treatment program. Without more, we cannot determine if and to what extent Doe's retained jurisdiction program was the same as an intensive inpatient treatment program.

Doe also asserts the magistrate erred when it determined that termination was in the best interests of the children. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe claims that although she performed poorly for some of the child protection case, she performed well overall, and thus, there was not substantial and competent evidence that termination was in the best interests of the children. For instance, Doe explains there was no evidence of drug use in front of the children, parts of the home were in good order, and the children were doing well in school. Even if all this is true, the magistrate did not err in terminating parental rights. While Doe may not have used drugs in front of her children, she continued to use controlled substances throughout the child protection case. Additionally, she was unable to maintain a safe home environment for her children and only attended six of twenty-two scheduled visits with the children in 2017. In sum, Doe did not complete her case plan and did very little during the first fifteen months of the child protection proceeding. In addition, Doe incurred new criminal charges.

In its conclusions of law, the magistrate analyzed the behavior of Doe and the situation of her children. The magistrate, for example, acknowledged the positive developments during the several months Doe complied with the case plan, but nonetheless determined there was clear and

convincing evidence of neglect. We conclude there was no error in the magistrate's decision to terminate Doe's parental rights and that termination was in the children's best interests.

## IV.

## CONCLUSION

Because substantial and competent evidence supports the magistrate's findings that Doe neglected her children and termination was in the children's best interests, we affirm the magistrate's judgment terminating Doe's parental rights.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.